IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| MARY PROCTOR DANIELS | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. TMD 11-00599 |
| | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Mary Proctor Daniels ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under Title XVI of the Social Security Act, 42 U.S.C.§§ 401-433. Before the Court are Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No. 19) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 22). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

I. Procedural History

Plaintiff protectively filed her application for DIB on September 27, 2006 alleging disability since February 13, 2006 on the basis of various impairments. R. at 16, 117-19, 138. Her claim was denied initially and on reconsideration. R. 75-77, 79, 80-81. On October 2, 2008, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a

vocational expert ("VE") testified. R. at 26-62. Claimant was represented by counsel. In a decision dated February 27, 2009, the ALJ denied Plaintiff's request for benefits. R. at 13-25. The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 1-4.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claim for DIB using the sequential process set forth in in 20 C.F.R§§ 404.1520. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: disc degeneration and mild disc bulges at the L3-L4, L4-L5, and L-5-S-1 levels with some mild to moderate foraminal stenosis but no canal stenosis, a right paracentral disc herniation at the C5-C6 level with some compression of the right C6 nerve root, a central protrusion at the C4-C5 level without any nerve compression or myeloedema, sarcoidosis, and hypertension. At step three, the ALJ found that her impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that Plaintiff was unable to perform her past relevant work. At step five, the ALJ concluded that Claimant was capable of performing jobs that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not disabled. R. at 13-25.

## III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards.

42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

## IV. Discussion

Plaintiff argues that the ALJ erred in his RFC assessment. Within that argument, Plaintiff argues that the ALJ failed to properly evaluate the opinion of Plaintiff's treating physician.

Plaintiff first argues that the ALJ failed to support his RFC assessment with an adequate narrative discussion as required under the regulations. He specifically argues that there is no support for the ALJ's restriction that Claimant be allowed to alternate between sitting for 30 minutes and standing for 30 minutes, that she avoid above shoulder constant reaching, avoid constant handling or fingering with the right upper extremity and avoid concentrated exposure to environmental pollutants. Despite Plaintiff's argument, the ALJ specifically attributed these

limitations (apart from the environmental pollutants) to Plaintiff's "diagnosed back and neck impairments, as well as her right shoulder pain and limitations of motion . . ." R. at 23. With respect to the restriction regarding the environmental pollutants, again the ALJ articulated the basis for this limitation as Claimant's sarcoidosis. He noted that despite the fact that her condition was not active in April 2006, that her respirations were clinically clear in March 2007 and that her cardiovascular system was normal, the ALJ included the limitation as a "precautionary measure." *Id.* The Court further notes that the ALJ's discussion of the medical evidence including that relating to Claimant's back, neck and shoulder impairments was thoroughly laid out in the ALJ's opinion. Plaintiff's argument that the ALJ did not support his RFC findings is simply misplaced.

Plaintiff next argues that the ALJ's limitation that she be permitted to alternate between sitting for 30 minutes and standing for 30 minutes is inconsistent with the sedentary work for which he found her capable. While it is true that a limitation as this *might* preclude some types of sedentary work,[1] Plaintiff is incorrect in his assertion that it automatically precludes all types of sedentary work. Here, the ALJ noted that Claimant did not have the RFC to perform the full range of sedentary work and therefore strict application of the Medical–Vocational Guidelines

---

[1] SSR 83–12, 1983 WL 31253, at *4 (noting that the need to alternate periods of sitting and standing precludes "doing either the prolonged sitting contemplated in the definition of sedentary (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work," and adding that "[u]nskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will").

not possible. R. at 24.  Accordingly, the ALJ then followed the dictates of SSR 83-12 and employed the assistance of a VE, who specifically indicated that each of the identified jobs would permit a person to alternate sitting and standing at will. R. at 54-56.  Rather than contradicting the Social Security rulings, the ALJ sought to identify only those jobs that Claimant's impairments would allow her to perform. This accords with the ruling's directive that "[i]n cases of unusual limitation of ability to sit or stand, [an expert] should be consulted to clarify the implications for the occupational base." Soc. Sec. Rul. 83-12, 1983 WL 31253, at *4 (1983).  *See Walls v. Barnhart*, 296 F.3d 287, 292-92 (4th Cir. 2002) (noting that SSR 83-12 "acknowledges that there are jobs that allow sit/stand options" and "directs the agency to consult with a [vocational expert] to assess the impact of that option of the occupation base." And affirming the ALJ's a reliance on VE testimony that claimant could perform work at the medium, light and exertional levels despite the sit/stand option.).

Plaintiff next argues that the ALJ failed to properly evaluate the opinions of Plaintiff's treating physician, Dr. Daniel Glor, who opined that Claimant could only occasionally perform repetitive movement of the hands, fine manipulation, handling and grasping and that her impairments would cause her to be absent from work for greater than three times per month. R. at 256.  Dr. Glor indicated that Plaintiff had a disc herniation and C5-6, significant loss of range of motion of the cervical and lumbar spines, pain, sensory loss, and reflex abnormalities, and pain radiating down the right arm to the first two digits of her hand, numbness and tingling radiating down the right arm to the wrist and sensory loss to light touch in the first two digits of her right hand.  R. at 257.

> In evaluating Dr. Glor's opinion, the ALJ stated:
>
> The undersigned has assigned limited evidentiary weigh to the assessments offered by Dr. Glor on multiple occasions that the claimant is unable to sit, stand, or walk for a total of eight hours in an eight-hour work-day, among other disabling limitations. Exs. 2F/5; 3F/3; 4F/3-4; 5F/6-7; 6F/3-4; 17F/2; 20F/25, 28; 21F/2, 4-5. For example, in September, 2006 and January, 2008, he opined that the claimant was completely unable to sit, stand, or walk for any length of time whatsoever in an eight-hour workday. Exhs. 5F/3 and 17F/4. His assessments are inconsistent with the objective clinical findings and other evidence of record as outlined above, including the claimant's relatively infrequent treatment with Dr. Glor (every two months or so) and her refusal to undergo more aggressive treatment such as trigger point injections. His opinions also appear to be based in large part on the claimant's own self-report of pain; indeed, and as already noted, he did not even examine the claimant on many of the same occasions he offered his opinion.

R. at 23. Plaintiff argues that the ALJ's analysis is erroneous because he ALJ failed to evaluate Dr. Glor's opinions regarding Plaintiff's hand use restrictions and explain his basis for the need to avoid constant shoulder reaching with her upper extremities, and constant handling or fingering with the upper right extremity. First, Plaintiff does not dispute that the ALJ's basis for according less weight to Dr. Glor's opinions are factually incorrect. Second, Plaintiff does not set forth what further limitations with respect to her hand limitations that the ALJ should have found based on Dr. Glor's opinion. She does not cite to specific objective medical evidence in the record that would, in fact, support greater restrictions. She does not dispute her relatively infrequent visits and that Dr. Glor expressed opinions on occasion without examination. As mentioned above, the ALJ conducted a thorough review of the medical evidence in the record. The ALJ discussed a physical examination by Dr. Rupa Varma in 2006 which revealed only a slightly decreased range of motion with turning her head to the right and

6

a normal range of motion in her shoulders.  Her motor strength in all four extremities was normal. R. at 21, 467.  Dr. Glor himself noted a full range of motion in Claimant's neck albeit with discomfort posteriorly.  R. at 21.   The ALJ's RFC included a limitation that Claimant's work not involve constant handling or fingering with her right upper extremity and the Court finds that substantial evidence supports that finding as well as the RFC limitation that Claimant avoid above shoulder constant reaching with the upper extremities.

The Court has reviewed Plaintiff's remaining arguments and finds them to be without merit.

V.  Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED.  A separate order shall issue.


Date:  December 11, 2013   _____/s/_____
                            THOMAS M. DIGIROLAMO
                            United States Magistrate Judge